IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 19-cv-00848-REB

MEGAN ELLEN KIES,

    Plaintiff,

v.

ANDREW M. SAUL, Commissioner of Social Security,

    Defendant.

## ORDER AFFIRMING COMMISSIONER

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#1],[1] filed March 21, 2019, seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges she is disabled as a result of a multitude of impairments, including multiple sclerosis, degenerative disc disease, status post cervical spine injury requiring fusion surgery, history of left knee ACL/meniscus injury, left ulnar neuropathy, history of trigeminal neuralgia, conversion disorder, traumatic brain injury, and a neurocognitive disorder. After her application for disability insurance benefits was

---

[1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

denied, plaintiff requested a hearing before an administrative law judge. That hearing was held on April 30, 2018. At the time of this hearing, plaintiff was 32 years old. She has a college education and past relevant work experience as a hairstylist, bartender, front desk clerk, housekeeper/cleaner, and page/fundraiser. She has not engaged in substantial gainful activity since September 25, 2015, her alleged date of onset.

The ALJ found plaintiff was not disabled and therefore not entitled to disability insurance benefits. Although the evidence established plaintiff suffered from severe impairments, the judge concluded the severity of those impairments did not meet or equal any impairment listed in the social security regulations. Other alleged impairments were found to be non-severe. The ALJ found plaintiff had the residual functional capacity to perform simple, routine, repetitive sedentary work with certain postural and environmental restrictions. Although that conclusion precluded plaintiff's past relevant work, the ALJ found there were other jobs existing in significant numbers in the local and national economies plaintiff could perform. She therefore found plaintiff not disabled at step five of the sequential evaluation. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II. STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and/or mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the

2

impairments in making a disability determination." ***Campbell v. Bowen***, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. ***See Kelley v. Chater,*** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a quinquepartite sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f). ***See also Williams v. Bowen*** 844 F.2d 748, 750-52 (10th

3

Cir. 1988). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. **Bowen v. Yuckert**, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show the claimant is capable of performing work in the national economy. **Id.** A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. **Casias v. Secretary of Health & Human Services**, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. **Hamilton v. Secretary of Health and Human Services**, 961 F.2d 1495, 1497-98 (10th Cir. 1992); **Brown v. Sullivan**, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. **Brown**, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. **Hedstrom v. Sullivan**, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." **Musgrave v. Sullivan**, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." **Thompson v. Sullivan**, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. **Id.**

4

## III. LEGAL ANALYSIS

While I agree with the Commissioner that plaintiff's arguments are not fully developed, I nevertheless perceive the gravamen of her complaint essentially as claiming the ALJ failed to give sufficient weight to the opinions of her treating doctors while relying instead on those of non-treating sources.[2] Finding no error in the ALJ's assessment of this evidence, however, I affirm.

Plaintiff appears to rely principally on the opinions of Dr. Daniel Smith and Dr. John Corboy, who were involved in treating plaintiff for multiple sclerosis.[3] Under the version of the regulations applicable in this case,[4] the opinion of a treating source is entitled to controlling weight when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record." 20 C.F.R. § 404.1527(c)(2); *see also Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). A treating source opinion cannot be

---

[2] Plaintiff also maintains she has a host of other symptoms and diagnoses which the ALJ did not discuss at all. (*See* **Plf. Br.** at 4-5, 12.) There was no error in failing to do so, as more than a mere diagnosis is required to find a medical condition constitutes a medically determinable impairment, much less a disabling one. *See Coleman v. Chater*, 58 F.3d 577, 579 (10th Cir. 1995); *Corral v. Colvin*, 2016 WL 1170216 at *5 (D. Colo. March 25, 2016). Likewise, a mere report of symptoms does not suggest the existence of an impairment. *See* 20 C.F.R. § 404.1508; *Lyda v. Colvin*, 221 F.Supp.3d 1254, 1258 (D. Colo. 2016).

[3] Beyond noting these doctors' specialties and treatment relationship, plaintiff makes no effort to demonstrate why their opinions should be entitled to any particular weight, much less controlling weight. While these factors are part of the calculus in deciding how much weight to assign to a medical source opinion, they are not the only ones. Indeed, "[n]one of [the section 404.1527(c)] factors are controlling." *Hawkes v. Berryhill*, 2017 WL 5036160 at *6 (D. Colo. Nov. 3, 2017) (noting also that "not all of [the factors] apply to every case, and an ALJ need not expressly address each factor in his or her decision").

[4] Because plaintiff's claim was filed prior to March 27, 2017, the rules for expressly assigning particular weight to medical source opinions apply. *See* 20 C.F.R. § 404.1527. For claims filed after that date, the Commissioner is no longer required to "give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from . . . medical sources." 20 C.F.R. § 404.1520c(a).

5

rejected absent good cause for specific and legitimate reasons clearly articulated in the hearing decision. *Watkins*, 350 F.3d at 1301. Good cause may be found where the treating source's opinion is brief, conclusory, or unsupported by the medical evidence. *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987).

Substantively, both Dr. Smith's and Dr. Corboy's opinions are essentially concurrences with the opinions of other sources.[5] Specifically, Dr. Smith expressed his agreement with the conclusions of a functional capacity assessment performed by Kristine Crouch, OTR (Tr. 590-591, 582-588), and Dr. Corboy agreed with Dr. Smith's opinions, as well as with the conclusions of the neurological testing report and assessment performed by Stephanie Ravine, Psy. D. (Tr. 1140, 1001-1015, 1121-1122).

The ALJ, however, had a different assessment of Ms. Couch's and Dr. Ravine's conclusions, finding them to be largely inconsistent with the medical evidence and the record as a whole.[6] (Tr. 56-57.) *See* 20 C.F.R. §§ 404.1527(c)(3) & (4) (consistency of medical source opinion with medical and other evidence, and supportability of opinion in the record, are appropriate considerations in weighing opinion).[7] Citing to specific

---

[5] To the extent Dr. Smith and Dr. Corboy (as well as other medical sources) stated plaintiff was disabled or unable to work, those opinions go to administrative determinations reserved exclusively to the Commissioner, 20 C.F.R. § 404.1527(d); *Abdelmeged v. Colvin*, 2015 WL 5047645 at *4 n.4 (D. Colo. Aug. 26, 2015), as the ALJ noted (Tr. 57).

[6] The ALJ afforded Dr. Ravine's opinions partial weight insofar as they suggested plaintiff had moderate limitations in her ability to maintain concentration, persistence, and pace and mild limitations in all other areas of work-related mental functioning. The ALJ found these opinions consistent with the medical evidence. (Tr. 56.)

[7] Under the current iteration of the regulations governing consideration of medical opinions, whether such opinions are supported by and consistent with the medical and other record evidence are considered the "most important factors" in evaluating their persuasiveness. 20 C.F.R. §§ 404.1520c(a), (b)(2), & (c)(1) & (2).

6

evidence of record, the ALJ noted plaintiff's multiple sclerosis was stable on medication, she had recovered well from a cervical spine fracture sustained in 2017, and therapy had helped her cope with conversion disorder. (Tr. 53-55.)[8]

Plaintiff, however, does not even cite, much less discuss, any of this evidence, or point the court to other evidence which might undermine the ALJ's interpretation of the record. Instead, plaintiff merely reiterates the conclusions of the various medical source statements without analyzing how they support or contradict the ALJ's opinion. It is plaintiff's burden to prove that the record supports a finding of disability, 20 C.F.R. §§ 404.1512(a) & (c); **Medina v. Apfel**, 1999 WL 178694 at *1 (10th Cir. April 1, 1999), and the court is under no obligation to make arguments on plaintiff's behalf, especially where she is represented by counsel, **see Carter v. Colvin**, 27 F.Supp.3d 1142, 1148 n. 4 (D. Colo. 2014), **aff'd**, 597 Fed. Appx. 501 (10th Cir. Jan. 9, 2015). Moreover, that the evidence might be amenable to a different interpretation than that reached by the ALJ does not render her opinion erroneous. "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." **Lax v. Astrue**, 489 F.3d 1080, 1084 (10th Cir. 2007); **Abdelmeged v. Colvin**, 2015 WL 5047645 at *6 (D. Colo. Aug. 26, 2015) ("The mere fact that there may be two permissible views of the evidence . . . is

---

[8] Plaintiff's suggestion that the ALJ's discussion of these opinions was conclusory is belied by the record. Prior to assessing the medical opinions, the ALJ set forth a detailed recitation of the medical evidence relevant to plaintiff's alleged impairments. Having once discussed this evidence, the ALJ was not required to do so again with respect to each opinion. **See Best-Willie v. Colvin**, 514 Fed. Appx. 728, 733 (10th Cir. March 26, 2013); **Endriss v. Astrue**, 506 Fed. Appx. 772, 777 (10th Cir. Dec. 26, 2012); **Martinez v. Colvin**, 2016 WL 1247765 at *4 (D. Colo. Mar. 30, 2016); **McKee v. Colvin**, 2016 WL 1222972 at *3 (D. Colo. March 29, 2016). Tthe ALJ's discussion of the evidence of record sufficiently sets forth her rationale to permit meaningful review of her decision. **See Wall v. Astrue**, 561 F.3d 1048, 1068 (10th Cir. 2009); **Perotin v. Colvin**, 110 F.Supp.3d 1048, 1054 (D. Colo. 2015).

not indicative that the ALJ's choice between them was in error.").

The ALJ in this case reviewed no fewer than ten medical source opinions.[9] In general, it is the ALJ's duty to resolve conflicts in the evidence, including those between the opinions of various medical sources. **See Reyes v. Bowen**, 845 F.2d 242, 245 (10th Cir. 1988); **Ghini v. Colvin**, 82 F.Supp.3d 1224, 1233 (D. Colo. 2015). I find no error in her resolution of those conflicts in this case.

## IV. ORDERS

I thus find no reversible error in the ALJ's disability determination, which accordingly must be affirmed.

**THEREFORE IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is affirmed.

Dated December 5, 2019, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge

---

[9] The ALJ also weighed the opinion of Jane Carpenter Cohn, a professor in plaintiff's master's degree program, who described various accommodations she afforded plaintiff during the spring semester 2018. (Tr. 348.) Notwithstanding plaintiff's insinuation to the contrary, opinions from lay sources are appropriately weighed by reference to the same regulatory factors which govern the consideration of medical source opinions. **See Dettmer v. Berryhill**, 2018 WL 3304521 at *9-10 (D. Kan. July 5, 2018).

As for the opinion of Dr. Ed Cotgageorge, plaintiff acknowledges her argument that the ALJ ignored that opinion of is not well-taken, as it was issued after the date of the ALJ's decision. (**See** Tr. 9-11.)